UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TRUSTEES OF THE SHEET METAL WORKERS
LOCAL 28 BENEFIT FUNDS, TRUSTEES OF THE
SHEET METAL AND AIR CONDITIONING
INDUSTRY FUNDS, TRUSTEES OF THE
NATIONAL ENERGY MANAGEMENT INSTITUTE
COMMITTEE, TRUSTEES OF THE NATIONAL
STABILIZATION AGREEMENT OF THE SHEET
METAL INDUSTRY TRUST FUND,

                            Plaintiffs,                  **REPORT AND**
                                                      **RECOMMENDATION**
                                                      CV 09-314 (ADS)(ARL)

       -against-

PREMIER SHEET METAL, INC.,

                            Defendant.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       This matter was referred to the undersigned by District Judge Spatt for the purpose of issuing a report and recommendation as to the damages to be awarded to the plaintiffs upon the entry of a default judgment. On March 17, 2009, the plaintiffs moved for a default judgment against the defendant Premier Sheet Metal ("Premier"). On March 18, 2009, the Clerk of the Court certified Premier's default, and on June 22, 2009, Judge Spatt entered a default judgment against Premier. On August 19, 2009, the undersigned issued a report and recommendation finding that the plaintiffs had failed to provide the court with sufficient evidence to support a damages award. By order dated March 10, 2010, Judge Spatt adopted the undersigned's recommendation that the plaintiffs' claim for damages be denied with leave to renew. The plaintiffs have now resubmitted their motion for a default judgment with additional documentation supporting their claim for damages. Based on the evidence submitted, the

undersigned recommends that damages be awarded in the amount of $263,813.52, comprising of $263,423.52 in unpaid fringe benefit contributions and $390.00 in costs.

## DISCUSSION

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp*., 973 F.2d 155, 158 (2d Cir.), *cert. denied*, 506 U.S. 1080 (1993). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City v. Abramov*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant must only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159. An evidentiary hearing is not required so long as a basis for the damages awarded exists. *Transatlantic Marine Claims Agency v. Ace Shipping Corp*., 109 F.3d 105, 111 (2d Cir. 1997)(citations omitted). Here, the documentary evidence provided by the plaintiffs provides the basis for an award. *See Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991).

Premier is a party to a collective bargaining agreement dated August 1, 2005 to July 31, 2009 by virtue of its membership in an employer association. *See* Compl. at ¶12; *see also* Ex. A to Henke Affirm. The complaint alleges that the defendant has failed to make payments pursuant to that agreement for the period from March 26, 2008 through and including December 31, 2008. *See id.* at ¶ 15. In her supporting affidavit, counsel for the plaintiffs claims that the defendant failed to make required payments for the period October 13, 2004 to February 18, 2009 and seeks $852,903.54 in unpaid fund contributions. *See* Henke Affirm. at ¶ 13. Counsel explains that

2

"since the filing of the complaint the Fund's office realized that they mistakenly left out the delinquent period prior to March 28, 2008, that is [the] week ending October 13, 2004 to March 26, 2008." *Id.* Notwithstanding counsel's explanation, the undersigned will not recommend an award for a time period beyond what is demanded in the complaint.

Rule 54© of the Federal Rules of Civil Procedure clearly states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." See Fed. R. Civ. P. 54©. The Second Circuit has narrowly construed this rule holding that "[b]y limiting damages to what is specified in the [complaint], the rule ensures that a defendant who is considering default can look at the damages clause, satisfy himself that he is willing to suffer judgment in that amount." *Silge v. Merz*, 510 F.3d 157,160 (2d Cir. 2007). Although, here, the plaintiffs did include a demand for $832,039.93 in the complaint, that amount could not be reconciled with the stated delinquent period and was insufficient to give the defendant a full understanding of the plaintiffs' claims. Accordingly, the court recommends that the plaintiffs damages be limited to the period alleged in the complaint, namely March 26, 2008 through December 31, 2008.

The damages for the delinquent period can be calculated from the employer's time sheets, which have now been provided to the court. Those calculations are summarized at Ex. E to the Henke Affirmation as follows:

| Date | Unpaid Contribution |
|---|---|
| March 2008 | $ 7,585.56 |
| April 2008 | $ 29,363.72 |
| May 2008 | $ 23,349.65 |

3

| | |
|---|---|
| June 2008 | $ 29,036.80 |
| July 2008 | $ 39,163.83 |
| August 2008 | $ 29,560.66 |
| September 2008 | $ 27, 559.30 |
| October 2008 | $ 37,447.69 |
| November 2008 | $ 20,892.60 |
| December 2008 | $ 19,463.71 |
| Total | $ <u>263,423.52</u> |

*See* Henke Affirm. Exs. D and E. Thus, the undersigned recommends that the plaintiffs be awarded delinquent contributions in the amount of $263,423.52. *See* 29 U.S.C. § 1132(g)(2).

ERISA section 502(g)(2)(B), 29 U.S.C § 1132 (g)(2)(B), mandates an award of interest on unpaid contributions. Here, the plaintiffs base their interest calculations on Article Seven, Section Fifteen of the Agreement, which provides:

> All delinquent contributions shall bear interest of two percent (2%)
> per month, excluding interest on arrears in reconciliation, which
> are ten percent (10%) or less. There shall be a five (5) day grace
> period before the interest shall commence to accrue.

Relying on the first clause in Section 15, the plaintiffs contend that they are entitled to interest at a annual rate of 24%. The plaintiffs have not explained, however, what, if any, bearing the second clause of the section 15 has on the interest calculation in this case. Absent additional information concerning whether the arrears in question constitute "arrears of reconciliation," which would reduce the annual interest rate to 10% or less, the court cannot determine the appropriate amount to award for the interest. Therefore, the undersigned recommends that the

determination of interest be held in abeyance until further clarification is provided by the plaintiffs.

The plaintiffs are also entitled to reasonable attorney's fees pursuant 29 U.S.C. § 1132 (g)(1). 29 U.S.C. § 1132 (g)(1) "mandates the granting of reasonable attorney's fees in ERISA matters brought by fiduciaries to enforce the terms of the [collective bargaining agreement]." *Local 348 Health & Welfare Fund v. Milmar Food Group, L.L.C.*, 2006 U.S. Dist. 14 (E.D.N.Y. 2006). Recently, the Second Circuit has clarified fee-calculation rules, *see Arbor Hill Concerned Citizens v. County of Albany*, 208 WL 961313 (2d Cir. April, 10, 2008), amending 493 F.3d 110, 117 (2d Cir. 2007), amending 484 F.3d 162 (2d Cir. 2007), and in *Simmons v. New York City Transit Auth.,* 575 F.3d 170, 174. However, the party seeking reimbursement still bears the burden of proving the reasonableness and necessity of hours spent and rates charged. *See generally, New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983). To this end, a fee application must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended and the dates. *Id*. at 1147-48.

In support of the plaintiffs' request for attorney's fees, counsel for the plaintiffs have submitted an Affirmation of Statement of Damages, which included a summary of the total hours spent by the attorneys on this case but have not submitted any contemporaneous time record. *See* Henke Affirm. at ¶19. Accordingly, the undersigned recommends that the plaintiffs' request for an award of attorney's fees be denied based on their failure to provide proper documentation.

Finally, the plaintiffs also request costs and have included an affidavit of service to support that request. The plaintiffs seek to be awarded $40.00 for service of process and $350.00

for filing fees. Accordingly, the undersigned recommends an additional award of $390.00 in costs.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for plaintiffs shall serve a copy of it on defendants upon receipt and shall file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       October 21, 2010

                                            _____/s_____
                                            ARLENE ROSARIO LINDSAY
                                            United States Magistrate Judge