UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TRUSTEES OF THE SHEET METAL
WORKERS LOCAL 28 BENEFIT FUNDS,
TRUSTEES OF THE SHEET METAL AND
AIR CONDITIONING INDUSTRY FUNDS, **MEMORANDUM OF**
TRUSTEES OF THE NATIONAL ENERGY **DECISION AND ORDER**
MANAGEMENT INSTITUTE COMMITTEE, 09-cv-314 (ADS)(ARL)
TRUSTEES OF THE NATIONAL
STABILIZATION AGREEMENT OF THE
SHEET METAL INDUSTRY TRUST FUND,

       Plaintiffs,

    -against-

PREMIER SHEET METAL, INC.,

       Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Barnes, Iaccarino & Shepherd LLP**
*Attorneys for the plaintiffs*
258 Saw Mill River Road
Elmsford, NY 10523
  By: Dana Lynne Henke, Esq., Of Counsel

**NO APPEARANCE:**

Premier Sheet Metal, Inc.

**SPATT, District Judge.**

  The plaintiffs in this case are the trustees for four employee benefit funds formed pursuant to the provisions of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132(a)(3). The plaintiff brought the present suit against defendant Premier Sheet Metal, Inc., alleging that it failed to make certain contractually required contributions to the plaintiffs' funds. The defendant never appeared or answered,

and on March 17, 2009, the plaintiffs moved for a default judgment. On June 22, 2009, the Court granted the plaintiffs' motion and referred the case to United States Magistrate Judge Arlene R. Lindsay to perform an inquest as to damages.

Upon receipt of this referral, Judge Lindsay requested that the plaintiffs submit additional documentation to substantiate their damage claims. The plaintiffs declined to do so, and instead stated that damages could be properly determined based on the documents submitted in support of their motion for default judgment. These documents were a two page "Statement of Damages"; a four page affidavit of the plaintiffs' attorney; a copy a collective bargaining agreement; and a seven-page hand-marked spreadsheet purporting to show the contributions that were due.

On August 19, 2009, Judge Lindsay issued a Report and Recommendation finding that these documents were insufficient to substantiate the plaintiffs' damages, and recommending that the plaintiffs' damage claims be denied with leave to renew. The Report and Recommendation was served on August 26, 2009, and the plaintiffs were given ten days from this date to object to it.

On September 3, 2009, the plaintiffs timely objected to Judge Lindsay's Report and Recommendation. However, the plaintiffs did not set forth a legal basis for objecting, but rather submitted over two hundred pages of supporting documentation for its damage claim. The Court denied the plaintiffs' objection, and adopted Judge Lindsay's Report and Recommendation. However, the Court also granted the plaintiffs leave to renew their motion for damages before Judge Lindsay.

Pursuant to this leave, the plaintiffs filed a second motion for default judgment on April 5, 2010.  On October 21, 2010, Judge Lindsay issued a thorough Report and Recommendation on that motion, recommending that the Court award the plaintiffs damages of:

- $263,423.52 in compensation for delinquent contribution payments;
- interest on this delinquent contribution payment to be determined after further submissions to Judge Lindsay;
- no attorneys' fees; and
- $390 in costs.

No objections have been filed to Judge Lindsay's Report and Recommendation.

When considering an appeal of magistrate judge's ruling on a non-dispositive matter, a district judge will only modify or set aside any portion of the magistrate judge's order found to be "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. Rule 72(a).  A finding is "clearly erroneous only when the reviewing court[, based] on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed."  E.E.O.C. v. First Wireless, Inc., 225 F.R.D. 404, 405 (E.D.N.Y. 2004) (quoting Weiss v. La Suisse, 161 F. Supp. 2d 305, 320–21 (S.D.N.Y. 2001)).  An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  Catskill Dev., L.L.C. v. Park Place Entrn't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (citation omitted).  The Court has reviewed Judge Lindsay's Report and finds it be persuasive and without any legal or factual errors.  There being no objection to Judge Lindsay's Report, the Court adopts it.

## III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Report and Recommendation of United States Magistrate Judge Arlene R. Lindsay in this case, dated October 21, 2010, is adopted in its entirety; and it is further

**ORDERED** that the plaintiffs are granted twenty days from the date hereof to submit additional documentation consistent with Judge Lindsay's Report and Recommendation in support of their request for interest payments.

**SO ORDERED.**

Dated: Central Islip, New York
January 8, 2011

                                             __/s/ Arthur D. Spatt_____
                                                ARTHUR D. SPATT
                                          United States District Judge